KOHR BROTHERS, INCORPORATED, ET AL., PROSECU-
TORS, v. ATLANTIC CITY, DEFENDANT.

Argued May 2, 1928—Decided May 18, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Cole & Cole.*

For the defendant, *Joseph B. Perskie.*

The opinion of the court was delivered by

BLACK, J.   The *certiorari* in this case was allowed to re-
view an ordinance of Atlantic City, known as ordinance num-
ber 5, approved February 9th, 1928, which provides for regu-
lating the sale of ice cream on premises abutting the board-
walk in Atlantic City, regulating the premises wherein such
products are sold.

The first section of the ordinance provides as follows:
"Section 1. That it shall be unlawful for any person to sell
ice cream cones, custard and custard cones, and kindred prod-
ucts, on premises abutting the boardwalk in said city, unless
the products are consumed on the premises."

"Section 2. That each place abutting on the boardwalk,
where the products enumerated in section 1 of this ordinance

are sold, shall be equipped with seating capacity and be of ample space to afford patrons an opportunity to consume said products on the premises."

Section 5 provides, upon conviction before the recorder of Atlantic City, a fine not exceeding $50 for the first offense and a fine not exceeding $100 for each and every offense thereafter.

The legislation invoked, under which it is argued, that Atlantic City has the power to pass the ordinance, is *Pamph L.* 1889, p. 206, § 11; *Pamph. L.* 1894, p. 146, § 6; *Pamph. L.* 1917, pp. 319, 347, art. 10, ¶ 7; *Pamph. L.* 1917, p. 404, art. 22; *Pamph. L.* 1917, p. 765, § 1.

These statutes in substance provide that the city by ordinance may "regulate the use thereof," *i. e.,* the streets, walks or drives. The municipality may prescribe a penalty or penalties for the violation of any ordinance or ordinances. It may have authority to pass ordinances providing either a penalty by imprisonment or a fine not exceeding $200 or both for a violation.

It is not claimed that these statutes, by express words, contain a grant of power to the municipality, by ordinance, to regulate a private business, conducted on private property, for some incidental or ulterior purpose, but that such a power can be spelled out of the statutes by implication and construction. We think no such grant of power can be extracted from these statutes, and even if it can, it is highly doubtful whether they would be constitutional. What right or power has the legislature to regulate a private business not impressed with a public interest, or not within the defined limits of the police power of the state?

This case is distinguished from such cases as *Thorne* v. *Town of Kearny,* 100 *N. J. L.* 228; *affirmed,* 101 *Id.* 418, both as to the principle of law to be applied and upon the facts.

The legality of the ordinance is attacked as discriminatory and unreasonable. We think it is both. The ordinance is confined to property abutting the boardwalk. It excludes all other highways, excepting the boardwalk, which is a public highway. The proofs show that there are numerous other

kinds of business conducted on premises abutting on the boardwalk, where food products are sold, but the ordinance does not touch them. Why not a tobacco dealer, a vendor of peanuts, hot dogs, oranges and bananas, grapes and candy? So, the illustrations might be indefinitely multiplied. Under this ordinance a vendor of ice cream cannot sell a quart or pint of ice cream in boxes, commonly called bricks, to be taken to the home for consumption. While the boardwalk may be different in some respects from other highways of the city, yet for legal purposes it is not essentially different. There is no argument against the ordinance that would attempt to control any merchant's business on Atlantic or Pacific avenues or other highways that would not apply to the boardwalk.

In the case of *Morgan* v. *City of Orange,* 50 *N. J. L.* 389, 391, it is held the Supreme Court has power to determine what are reasonable regulations within the power granted by the charter. In the Court of Errors and Appeals, *Pennsylvania Railroad Co.* v. *Mayor, &c., Jersey City,* 47 *Id.* 286.

So, this court said, in the case of *McGonnell* v. *Commissioners of Orange,* 98 *N. J. L.* 642, 647: "But the question of their reasonable character (*i. e.,* the ordinance) is for the court, which will not hesitate to declare them void, if plainly unreasonable." In that case many other cases are collected and cited to support the proposition stated.

On the point of the penalty the case is clearly distinguished from such cases as *Young & McShea* v. *Atlantic City,* 60 *N. J. L.* 125. The penalty in that case was "imposed for revenue." This invoked the exercise of the taxing power that distinguishes the two cases.

The city has the power under *Pamph. L.* 1917, *pp.* 319, 347, *art.* 10, ¶ 7, to impose the penalties provided for in the fifth section of the ordinance, as stated above. A municipal corporation may distinguish between a first and a second offense and mark that distinction by a gradation of the penalty. *Staats* v. *Washington,* 45 *N. J. L.* 318, 322.

We have no hesitation in pronouncing the ordinance brought up by the writ of *certiorari* unreasonable, and, therefore, void *in toto.* The ordinance is set aside, with costs.